UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                               CASE NO. 8:09-CR-571-T-17MAP

LUIS NUNEZ REYES-SERRANO.

_____/

ORDER

This cause is before the Court on:

Dkt. 320    Motion for Minor Role Reduction In Light of
               Amendment 794

Defendant Luis Nunez Reyes-Serrano, pro se, requests a reduction in Defendant's sentence, pursuant to Amendment 794 to U.S.S.G. Sec. 3B1.2.

On June 30, 2010, Defendant Luis Nunez Reyes-Serrano was sentenced to 168 months imprisonment, followed by 60 months of supervised release; the fine was waived, and a special assessment fee of $100.00. (Dkts. 195, 207).

The Advisory Guideline Range determined by the Court at sentencing, before departures, is:

| | |
|---|---|
| Total Offense Level | 35 |
| Criminal History Category | I |
| Imprisonment Range | 168 to 210 months |
| Supervised Release Range | 3 to 5 years |
| Fine Range | $17,500 to $4,000,000 |
| Special Assessment | $100 |

Case No. 8:09-CR-571-T-17MAP

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

......

2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In November, 2015, the Sentencing Commission added clarifying language to Application Note 3(C) for Sec. 3B1.2, which explained the factors the Court considers for a minor-role adjustment, and which did not substantively alter Sec. 3B1.2. The Sentencing Commission stated that Amendment 794 provides additional guidance to sentencing courts. See U.S.S.G. Supp. App. C, Amend. 794, Reason for Amendment. See U.S. v. Cruickshank, 837 Fed.3d 1182, 1193-1194 (11th Cir. 2016).

I.  Background

On February 4, 2010, Defendant Luis Nunez Reyes-Serrano entered into a Plea Agreement as to Count One of the Indictment, pleading guilty to the charge of, while on board a vessel subject to the jurisdiction of the United States, knowingly and intentionally conspiring with others to possess with the intent to distribute or to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled

2

Case No. 8:09-CR-571-T-17MAP

substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b); and Title 21, United States Code, Section 960(b)(1)(B)(ii).

The Plea Agreement provides:

2.  Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of ten (10) years up to life imprisonment, a fine of up to four million dollars ($4,000,000), a term of supervised release of at least five (5) years, and a special assessment of $100 per felony count.

3.  Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The Defendant conspired with others to possess with the intent to distribute or to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

......

5.  Appeal of Sentence and Collateral Attack - Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment of the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal

3

the sentence as authorized by Title 18, United States Code, Section 3742(a). (Dkt. 74, pp. 2, 12).

Defendant Reyes-Serrano was sentenced on June 30, 2010. (Dkts. 195, 207). At sentencing, Defendant Reyes-Serrano objected to PSR Paragraphs 12, 13, 14, 22, 27, 30, and 65 [U.S.S.G. Secs. 1B1.3 and 2D1.1(b)(1)(Relevant Conduct and Increase for Dangerous Weapons (i.e. Firearm)]. The Court overruled Defendant's objection. Defendant's base offense level was determined in accordance with the Drug Quantity Tables, and adjusted downward for acceptance of responsibility in accordance with Defendant's Plea Agreement and U.S.S.G. Sec. 3E1.1(a) and (b). Although Defendant's offense level was enhanced pursuant to U.S.S.G. Sec. 2D1.1(b)(1), Defendant met the criteria of U.S.S.G. Sec. 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases).

The minutes of the sentencing hearing reflect that "Counsel noted no objections to the sentencing proceeding." (Dkt. 195, p. 2).

On July 15, 2013, Defendant Reyes-Serrano filed Defendant's Construed Motion to Vacate under 28 U.S.C. Sec. 2255, which the Court denied. (Dkts. 272, 274).

On February 2, 2015, Defendant Reyes-Serrano moved for retroactive application of the Sentencing Guidelines. (Dkt. 282). Probation filed its Amendment 782 Memorandum on August 1, 2016, and the Federal Defender's Office filed its Notice that the Requirements of the Amendment 782 Omnibus Order were satisfied on December 7, 2016. The Court denied Defendant's Motion on July 7, 2017. (Dkts. 330, 331).

Case No. 8:09-CR-571-T-17MAP

II. Discussion

Although Defendant Reyes-Serrano's' Plea Agreement includes an appeal waiver, and a waiver of the right to challenge Defendant's sentence collaterally on any ground except those listed, Defendant Reyes-Serrano now seeks a reduction of Defendant's sentence, asserting that Amendment 794 makes Defendant Reyes-Serrano eligible for a minor-role reduction. Defendant Reyes-Serrano did not appeal Defendant's sentence, and now seeks to collaterally challenge the term of imprisonment imposed on Defendant. Defendant Reyes-Serrano has included no explanation of why the waiver of Defendant's right to appeal and to collaterally challenge Defendant's sentence is not valid, i.e. Defendant's waiver was not knowing and intelligent.

Amendment 794 made no substantive change to U.S.S.G. Sec. 3B1.2.; Amendment 794 is a clarifying amendment. Defendant Reyes-Serrano had the opportunity to challenge the denial of a minor role adjustment at his sentencing and on direct appeal. Defendant Reyes-Serrano raised another objection at sentencing, but did not assert that Defendant Reyes-Serrano was entitled to a minor-role adjustment.

Nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" See Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). The "fundamental miscarriage of justice" exception provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986)([I]n an extraordinary case, where a constitutional violation has

5

Case No. 8:09-CR-571-T-17MAP

probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).

Amendment 794 provides a nonexhaustive list of factors the Court should consider when determining whether a mitigating role adjustment applies. See U.S.S.G. Sec. 3B1.2. Defendant Reyes-Serrano did not raise this issue on direct appeal, and cannot raise it on collateral review because Defendant Reyes-Serrano has not established that it is a fundamental defect that results in a complete miscarriage of justice, or its omission is inconsistent with the rudimentary demand of fair procedure. The Court further notes that Amendment 794 is not retroactive on collateral review. See U.S.S.G. Sec. 1B1.10 (d) (listing amendments that have been made retroactively applicable to defendants on collateral review). Accordingly, it is

**ORDERED** that Pro Se Defendant Luis Nunez Reyes-Serrano's Motion for Minor Role Reduction in Light of Amendment 794 (Dkt. 320) is **denied**. The Clerk of Court shall provide a copy of this Order by U.S. Mail to Pro Se Defendant.

Case No. 8:09-CR-571-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 3rd day of May, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant Luis Nunez Reyes Serrano
No. 51413-018
McRae Correctional Institution
P. O. Drawer 55030
McRae Helena, GA    31055